## Armstrong's Petition.

*Road law—State highways—Boroughs—Occupation of borough street by State highway—Act of May 14, 1915.*

1. Where a borough approves of the layout of a State highway through or in a borough street, the borough is liable to abutting owners for damages resulting from injuries to property.

2. The fact that the resolution or ordinance of the borough in such case was irregular and not in accordance with the procedure established by law will not relieve the borough, if the damages were neither increased nor diminished by the irregularity.

3. The proper procedure in such a case is the appointment of viewers to assess the damages as provided by the Act of May 14, 1915, P. L. 312.

Petition to dismiss proceedings and strike off appointment of viewers. C. P. Clearfield Co., May T., 1926, No. 375.

*John M. Urey*, for petitioning borough; *A. M. Liveright*, for respondent.

CHASE, P. J., Aug. 4, 1927.—A petition was presented to the court by Zelma L. Armstrong asking for the appointment of viewers to determine damages to herself and to pass upon the matter of damages and benefits in respect of all property owners affected by the building of the State highway, known as Route No. 62, through the Borough of Burnside, said petition proceeding under the provisions of the Act of May 14, 1915, ch. 6, art. II, P. L. 312.

Upon the court appointing viewers, petition was presented on behalf of Burnside Borough to dismiss the proceedings and strike off the appointment of viewers.

This action raises the single question of whether or not, under the facts involved in this issue, the Borough of Burnside is liable for damages caused by the alleged appropriation of property of the petitioner in relocation of the highway through the lands of said petitioner and the alleged incidental damages caused by change of grade, etc.

The facts pertinent to the issue raised are as follows: State Highway Route No. 62, as established by the Act of May 31, 1911, P. L. 468, passes over

Main Street in the said Borough of Burnside. That, in January, 1925, the Highway Department notified the borough authorities of its intention to construct a concrete road or street over the highway route through the borough, stating that blue-prints showing the proposed construction on said State Highway Route No. 62 through the borough had been forwarded to the secretary of council, and stating that contracts for this work would not be awarded until the borough had ordained the lines and grades as shown on the plans. It appears from the evidence that, for some reason or other, the blue-prints showing the lines and grades through the property in question were not among those forwarded to the secretary of council. As a result of the aforesaid correspondence and action on the part of the Highway Department, the minutes of the borough council, as shown by the minute-books, state the following proceedings: "Burnside, Pennsylvania, January 21, 1925. Special meeting called for the purpose of accepting or rejecting plans and grades of State road according to blue-prints as drawn up by State Highway Department. Motion by J. E. Wetzel, seconded by G. E. Bennett, that Burnside Council comply with the resolutions of the Highway Department concerning State road through the Borough of Burnside. Motion carried."

The evidence discloses that the council filed with the Highway Department, as the action of council, the State Highway Department's Form No. 3105, which reads as follows:

"Form No. 3105.

"Resolution of Council of the Borough of Burnside approving the lines, grades, drainage structures and all other structures appearing on plans showing proposed reconstruction work in said Borough. Clearfield Co. Route 62.

"*Whereas*, The Department of Highways has submitted to the Borough Council of Burnside, Pa., plans showing proposed construction work on Department of Highways Route No. 62, from Station 396+68 to Station 462+24, a distance of 6555.9 feet, as shown by the plan of said Department of Highways, approved Jan. 21, 1925; therefore,

"*Be It Resolved and Ordained*, on motion of J. E. Wetzel, seconded by G. E. Bennett and carried, that the Burgess and Council of the said Borough of Burnside ordain the said plans of the Department of Highways, together with the lines, grades, drainage structures and all other structures thereon shown, with full force and effect as the action of said Borough, and

"*Be It Further Ordained*, That all ordinances or parts of ordinances inconsistent herewith be and the same are hereby repealed.

"Passed and enacted at a session of Council of the Borough of Burnside, Pa., Wednesday, held this 21st day of January, A. D. 1925.

"Attest:                          (Signed)   JOHN H. PATCHIN, President.

"JOHN WILLIAMSON, Secretary.

"[Borough Seal]                (Stamped)   1 1119 Jan 2325.

"Approved by me this 22nd day of January, A. D. 1925.

"(Signed)   EDWIN E. KANTZ, Per E. V. K.,

"Burgess.

"I, John Williamson, Secretary of the borough council of the Borough of Burnside, do hereby certify that the foregoing is a true and correct copy of the ordinance duly passed and adopted at a regular meeting of the Borough Council of said Borough, held 21st January, 1925, and that the same has been recorded in the Borough Council Book and has been advertised as required by law.

"(Signed)   JOHN WILLIAMSON, Secretary.

"[Borough Seal]   Clearfield Co."

The highway was constructed as the plans of the Highway Department had provided, and as a result thereof the petitioner alleged damages caused by the taking of her private property and incidental damages by reason of change of grade, etc., in construction of said highway. As to the time when the actual taking of the property of the petitioner, if there was a taking which produced the alleged damages, or when the construction took place in the change of grade and lines causing damages, it does not appear; therefore, it cannot be determined from the evidence whether the Act of May 12, 1925, P. L. 593, which became effective May 12, 1925, has application with this issue or not, but under the view the court takes of this issue, it becomes immaterial whether this act applies or the Act of May 18, 1923, P. L. 252, 254.

In an examination of the testimony, it is noted that the action of council, as certified to the Highway Department by its secretary, states that the plans, etc., on Route No. 62, from Station 396+68 to Station 462+24, a distance of 6555.9 feet, were ordained as the action of said borough. The evidence also discloses that the certified purported copy of the ordinance of council, including the highway between the aforesaid mentioned stations, covers the entire distance of the highway through Burnside Borough. It appears that the council took no action otherwise than above indicated. The cost of the construction of this highway was borne by the State. Under these facts, the petitioner denies liability.

In the case of Fetherolf's Petition, 84 Pa. Superior Ct. 515, the court at great length sets forth the rights and powers of the Secretary of the Highway Department on public roads or streets within the limits of a borough. This decision clearly shows the distinction between roads in a borough and those in a township, the powers of the Highway Department over roads taken over which pass through townships or that are county roads being absolute, while the control of roads in and through boroughs is restricted so that the rights of the control of said roads or streets through boroughs remains in the borough, the court stating that by the provisions of section 10 of the Act of 1911, the powers granted the State Highway Commissioner under section 8 of the aforesaid act are not to include any authority on his part to interfere with the roads, streets and highways of boroughs. Under the law, the borough council alone has power to ordain and lay out new streets and to change the lines and location of existing streets. That this power has not been expressly or impliedly taken away from the borough authorities and lodged in the State Highway Commissioner. On the contrary, it is expressly and particularly preserved to the borough and withheld from the commissioner, the effect of the Fetherolf decision being that the rights of the Secretary of the Highway Department upon streets or roads through a borough are very much restricted and limited, that the general rights of control as to said streets remain in the borough, and that the change of lines of location of a street or road within the limits of a borough can only legally be made by the proper action of the borough authorities.

An examination of the acts of assembly on the subject of the powers of the Secretary of Highways in boroughs, being the Acts of May 18, 1923, P. L. 252, and May 12, 1925, P. L. 593, which have been passed subsequently to the acts considered in the Fetherolf appeal, shows that although, enlarging the powers of the Secretary of Highways as to rights in boroughs, they do not give any power to relocate or change the lines of location, and the law as laid down on this subject in the Fetherolf case is not affected or changed by the subsequent acts of assembly.

In the instant case, the Secretary of Highways, recognizing the powers vested in the borough, requested an ordinance approving the Highway Department plans before any action towards construction of the highway would take place.  A certified copy of an alleged ordinance on the subject by the borough was furnished the Secretary of the Highways.  The intention of this ordinance, as indicated by the certified copy, was the appropriation of the plans of the Department of Highways "as the action of the borough."  Therefore, if private property was appropriated by the plans, it was an appropriation by the borough—the only legally constituted authority under the law to make the appropriation.  The fact that the method proceeded in, in doing that which the borough had a right to do, may have been irregular and not in accordance with the procedure established by law cannot avail the borough in the avoidance of damages to citizens affected by the taking, which damages, if any, were neither increased nor diminished by the irregularity of the proceedings, and which action of the borough authorities could not have been prevented on the part of the citizens.

Under the facts in this case, to hold the borough released from responsibilities because of improper procedure on its part would be in fact holding that one could not receive recompense for injuries sustained by the unlawful acts of another, because the injury flowed from the unlawful acts.  The requirement of the law as to giving notices by the borough councils when land is to be taken for street purposes is a provision for the protection of the citizens who are to be affected by the ordinance; and if the authorities in this case failed to give that notice which is required for the protection of the citizens, the borough could not be permitted to set up the failure to do those acts which are for the benefit of the citizens to defeat the claims of the citizen growing out of damages suffered as a consequence of the appropriation by the borough.

The appropriation of the land or property of the petitioner, if any, having been done by the borough, the sole question remaining is whether or not the procedure attempted by the plaintiff herein is the proper procedure.  An examination of the Act of May 14, 1915, ch. 6, art. II, § 1, P. L. 312, satisfies the court that the proceedings in this case under that act are the proper method to proceed.  Section 1 of said act, under chapter 6, article II, reading: "In the laying out, opening, widening, extending, vacating, grading or changing grades or lines of streets," etc., that the Court of Common Pleas shall appoint three viewers from the board of viewers of the county, upon application, to pass upon said question of damages.  This alleged appropriation of private land of the petitioner for the purposes of relocating a street through the Borough of Burnside was a lawful appropriation, and the mere fact that that street [was one] over which the law gives supervision and control to the borough the same as any other street, except for limited purposes, which limited purposes are vested in the State Highway Department in order that the Highway Department may improve and maintain said streets, as we view it, does not change the relation of the borough authorities to such street to such an extent as to affect the change and procedure in collecting damages by the citizen arising from the changing of grade lines and appropriation of private property.

Now, Aug. 4, 1927, motion to dismiss proceedings and strike off appointment of viewers is dismissed; and it is ordered and directed that said viewers proceed to make view and report in accordance with the act of assembly.  Exceptions noted and bill sealed to the Borough of Burnside, petitioner herein.